UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN TIMMONS,

    Plaintiff,

                                  CASE NO.:

v.

                                  DIVISION:

MESTIZO FOODS, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOHN TIMMONS, by and through undersigned counsel, hereby brings this action against Defendant, MESTIZO FOODS, LLC, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Marion County.

**PARTIES**

4. Plaintiff is a resident of Marion County, Florida.

5. Defendant operates a food distribution warehouse in Ocala, in Marion County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

10. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

11. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

12. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a).

13. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

## FACTS

14. Plaintiff began working for Defendant as a Forklift Operator in January 2020, and he worked in this capacity until March 2021.

15. On or about January 2021, Plaintiff was injured at work. Specifically, Plaintiff injured his knee while operating the forklift.

16. On or about January 2021, Plaintiff notified Defendant of the injury that he had suffered at work.

17. Plaintiff's supervisor only gave a referral to his wife's physician but did not make any report of the incident.

18. Plaintiff was out of work for a few days and upon his return, Defendant gave Plaintiff a written disciplinary action.

19. Plaintiff followed up with his treating physician and provided to Defendant documentation that he needed light duty and was being treated, in part, with the use of a leg brace.

20. Defendant was aware of Plaintiff's serious health condition within the meaning of FMLA, but failed to provide Plaintiff with any information about FMLA.

21. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he sustained at work, or in the alternative, Plaintiff reasonably believed that he had a valid claim under the FWCA.

22. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

23. Specifically, Plaintiff informed his supervisor who merely referred Plaintiff' to the supervisor's wife's physician.

24. Despite having physician's notes for his injury-related absences, Defendant gave Plaintiff two written counseling's.

25. On or about March 2021, Defendant retaliated against Plaintiff for lawfully claiming benefits under the FWCA by terminating Plaintiff's employment.

26. However, within an hour of his termination, Defendant contacted Plaintiff and told him that if he signed a paper stating his injury occurred outside of work, he could have his job back.

## COUNT I – FMLA INTERFERENCE

27.     Plaintiff realleges and readopts the allegations of paragraphs 1-8, 9-11, 14-20, and 23-26 of this Complaint, as fully set forth herein.

28.     Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

29.     By failing to provide FMLA information to him and then terminating Plaintiff's employment for absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

30.     Defendant's actions were willful and done with malice.

31.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

   (f)  Liquidated Damages;

   (g)  Prejudgment interest on all monetary recovery obtained;

   (h)  All costs and attorney's fees incurred in prosecuting these claims; and

   (i)  For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

32. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-8, 9-11, 14-20, and 23-26 of this Complaint, as fully set forth herein.

33. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

34. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

   (a)  That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

   (b)  An injunction restraining continued violation of the FMLA by Defendant;

   (c)  Compensation for lost wages, benefits, and other remuneration;

 (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

 (e) Front pay;

 (f) Liquidated Damages;

 (g) Prejudgment interest on all monetary recovery obtained;

 (h) All costs and attorney's fees incurred in prosecuting these claims; and

 (i) For such further relief as this Court deems just and equitable.

### COUNT III – WORKERS' COMPENSATION RETALIATION

38. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 12-19, and 21-26 of this Complaint, as though fully set forth herein.

39. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

40. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

41. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

***WHEREFORE***, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue, and that this Court take jurisdiction over the case;

    c)      That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

    d)      Compensation for lost wages, benefits, and other remuneration;

    e)      Compensatory damages, including damages recoverable for emotional distress allowable at law; and

    f)      For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of February 2023.

Respectfully submitted,

*s/ Amanda E. Heystek*
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**DANIEL E. KALTER**
Florida Bar No.: 1025094
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**